# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA

Civil Action No. _____

R. ALEXANDER ACOSTA, SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR,

      Plaintiffs,

  v.

AGRI-SYSTEMS, d/b/a ASI INDUSTRIAL,

      Defendant.

## COMPLAINT AND JURY DEMAND

Plaintiff R. Alexander Acosta, Secretary of Labor, United States Department of Labor (the "Secretary"), by counsel, brings this action to obtain redress for the deprivation of Steve Petry's federally protected rights as hereinafter alleged; to enjoin the defendant from violating the provisions of section 11(c) of the Occupational Safety and Health Act of 1970 (29 U.S.C. §§ 651-677) (the "Act"); and for all other appropriate relief, including without limitation the rehiring or reinstatement of Mr. Petry to his former position with back pay and front pay, compensatory damages, and emotional distress damages.

1. This Court has subject matter jurisdiction under section 11(c)(2) of the Act, 29 U.S.C. § 660(c)(2), and by 28 U.S.C. §§ 1337 and 1345. Venue is proper here under 28 U.S.C. § 1391(b).

2. The Secretary is informed and believes, and on that basis alleges, that Defendant, Agri-Systems, d/b/a ASI Industrial ("ASI" or "Defendant"), is a corporation whose principal office is located in Billings, Mont. ASI is a general contractor in the construction industry. To perform its functions, ASI purchases and obtains products and services that have been produced and transported in interstate commerce. Thus, ASI is engaged in a business affecting commerce, has employees, and is an employer within the meaning of § 3(5) of the Act, 29 U.S.C. § 652(5).

3. The Secretary is informed and believes, and on that basis alleges, that at all material times, ASI has operated its business at 1300 Minnesota Ave., Billings, MT, 59101, within this Court's jurisdiction.

4. From approximately November 21, 2016, to February 2, 2018, ASI employed Mr. Petry as an electrical engineer.

5. While working for ASI, Mr. Petry was responsible for designing all aspects of a feed mill's electrical system that ASI was building in Chrisman, Ill. (the "Chrisman Project") for an agricultural cooperative called The Equity.

6. Throughout his employment with ASI, Mr. Petry repeatedly raised safety concerns to the company's management-level employees, including President and Chief Executive Officer Robert Hamlin. For instance, on or about October 21, 2017, Mr. Petry e-mailed several of his colleagues, including Mr. Hamlin, that incorrect electrical wire sizes had been installed at the Chrisman Project. A true and correct copy of that e-mail is attached to this Complaint as Ex. 1.

7. On or about November 3, 2017, Mr. Petry e-mailed several other ASI employees, including Mr. Hamlin, regarding "a big safety concern." Mr. Petry was concerned that ASI had not conducted ground fault testing on one of the Chrisman Project's electrical service lines. Among other things, Mr. Petry wrote, "…none of us want to live knowing someone got hurt or killed due to our hasty decisions. …" A true and correct copy of that e-mail is attached to this Complaint as Ex. 2.

8. On or about November 9, 2017, Mr. Petry e-mailed ASI Electrical Operations Manager Shane Anderson. Mr. Petry advised in that e-mail that ASI had installed an improper type of insulation at the Chrisman Project. "This insulation is not rated for a wet environment as required," he wrote. A true and correct copy of that e-mail is attached to this Complaint as Ex. 3.

9. On or about February 2, 2018, Mr. Petry e-mailed Mr. Hamlin and several other ASI employees. Mr. Petry wrote in pertinent part that he "raised many safety concerns and voiced my professional opinion regarding the electrical installation at [the Chrisman Project] on many occasions only to have them fall on deaf ears. I have had to watch the basic rules for public safety policy outlined in [the] National Electrical Code be violated." Mr. Petry further explained that, "[s]ince the customer is certainly not qualified to discern the compliance with the basic standard[s] such as the NEC, I have no choice but to report these violations to the Authority Having Jurisdiction [sic] and/or the [S]tate of Illinois." A true and correct copy of that e-mail is attached to this Complaint as Ex. 4.

10. Approximately 15 minutes later, Mr. Hamlin came to Mr. Petry's office. Mr. Hamlin told Mr. Petry that ASI could not have Mr. Petry reporting safety issues to the authorities, so Mr. Hamlin terminated Mr. Petry's employment with ASI.

11. Notwithstanding this exchange, ASI maintains that Mr. Petry resigned his employment and that ASI did not fire him.

12. The Secretary is informed and believes, and on that basis alleges, that ASI terminated Mr. Petry's employment because of his repeated complaints relating to safety at the Chrisman Project.

4

13.  Defendant violated section 11(c)(1) of the Act, 29 U.S.C. §660(c)(1), by discharging Mr. Petry, and by refusing to reinstate him unconditionally and by refusing to make restitution to him, because Mr. Petry exercised the rights described above.

///

///

///

///

///

///

///

///

///

///

///

///

///

WHEREFORE, Plaintiff prays for the following relief:

1. An order permanently enjoining Defendant and its officers, agents, and employees from violating the provisions of § 11(c)(1) of the Act;

2. An order directing Defendant to reinstate Mr. Petry to his employment with full restoration of such seniority, status and other benefits as he would have received had his employment been continuous;

3. An order directing Defendant to make restitution to Mr. Petry for lost wages or other benefits that resulted from Defendant's violation(s) of the Act;

4. Compensatory damages for emotional distress according to proof at time of trial;

5. Costs;

6. Such other and further relief as the Court may deem just and proper.

PLAINTIFF DEMANDS TRIAL BY JURY.

Respectfully submitted,

Kate S. O'Scannlain
Solicitor of Labor

James E. Culp
Regional Solicitor

John Rainwater
Associate Regional Solicitor

Timothy S. Williams

Counsel for Safety and Health

<u>/s/ Matthew B. Finnigan</u>
Matthew B. Finnigan
Senior Trial Attorney
U.S. Dept. of Labor, Office of the Solicitor
1244 Speer Boulevard, Suite 515
Denver, CO  80204
Telephone: (303) 844-7014
Fax: (303) 844-1753
E-mail: finnigan.matthew@dol.gov
Attorneys for Plaintiff