IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA

R. ALEXANDER ACOSTA, )
SECRETARY OF LABOR, )
UNITED STATES DEPARTMENT )
 OF LABOR, )
 )
    Plaintiff, )
 )
v. ) Civil Action No. 1:19-cv-00049-SPW-TJC
 )
AGRI-SYSTEMS, d/b/a ASI INDUTRIAL, )
 )
    Defendant. )

## ANSWER AND DEFENSES

COMES NOW, Defendant ASI Industrial, Inc. ("ASI"), by counsel and for its Answer and Defenses to Plaintiff's Complaint, states as follows:

## ANSWER

1.     Complaint paragraph 1:

*This Court has subject matter jurisdiction under section 11(c)(2) of the Act, 29 U.S.C. § 660(c)(2), and by 28 U.S.C. §§ 1337 and 1345. Venue is proper here under 28 U.S.C. § 1391(b).*

**Response:** ASI disputes and denies all of the material allegations of the Complaint but stipulates to the jurisdiction and venue of this Court.

2.     Complaint paragraph 2:

*The Secretary is informed and believes, and on that basis alleges, that Defendant, Agri-Systems, d/b/a ASI Industrial ("ASI" or "Defendant"), is a corporation whose principal office is located in Billings, Mont. ASI is a general contractor in the construction industry. To perform its functions, ASI purchases and obtains products and services that have been produced and transported in interstate commerce. Thus, ASI is engaged in a business affecting commerce, has employees, and is an employer within the meaning of § 3(5) of the Act, 29 U.S.C. § 652(5).*

**Response:** By way of response to numbered Paragraph 2 of the Complaint, ASI admits that it is a specialty construction contractor based in Billings, Montana, builds construction projects in numerous States, and has employees.

3. Complaint paragraph 3:

*The Secretary is informed and believes, and on that basis alleges, that at all material times, ASI has operated its business at 1300 Minnesota Ave., Billings, MT, 59101, within this Court's jurisdiction.*

**Response:** By way of response to numbered Paragraph 3 of the Complaint, ASI denies the material allegations of the Complaint but admits to operating a business located at 1300 Minnesota Ave., Billings, Montana and, therefore, stipulates to this Court's jurisdiction.

4. Complaint paragraph 4:

*From approximately November 21, 2016, to February 2, 2018, ASI employed Mr. Petry as an electrical engineer.*

**Response:** Denied. Mr. Petry is not an engineer. Engineering is a regulated profession in all relevant jurisdictions. Mr. Petry is not a professional engineer of any variety registered in Montana, Illinois, or any other jurisdiction known to ASI. ASI admits that ASI employed Mr. Petry from approximately November 21, 2016, until Mr. Petry voluntarily resigned on February 2, 2018. Mr. Petry was employed as a part of the ASI design team led by duly-licensed professionals, however, Mr. Petry was not employed as nor represented as an "electrical engineer" by ASI, and denies all other allegations contained in paragraph 4 of the Complaint.

5. Complaint paragraph 5:

*While working for ASI, Mr. Petry was responsible for designing all aspects of a feed mill's electrical system that ASI was building in Chrisman, Ill. (the "Chrisman Project") for an agricultural cooperative called The Equity.*

**Response:** Denied. ASI denies the allegations contained in paragraph 5 of the Complaint, and asserts that while employed by ASI, Mr. Petry was not a registered professional

engineer, master electrician, nor a company owner responsible for the design and construction of any ASI project. Rather, Mr. Petry was employed as part of the design team and assisted with certain aspects of a feed mill project in Chrisman, Illinois. Mr. Petry was not in responsible charge of any aspect of design, but served in support of those ASI design professionals and master electricians which were responsible.

6. Complaint paragraph 6:

*Throughout his employment with ASI, Mr. Petry repeatedly raised safety concerns to the company's management-level employees, including President and Chief Executive Officer Robert Hamlin. For instance, on or about October 21, 2017, Mr. Petry e-mailed several of his colleagues, including Mr. Hamlin, that incorrect electrical wire sizes had been installed at the Chrisman Project. A true and correct copy of that e-mail is attached to this Complaint as Ex. 1.*

**Response:** Denied. ASI admits that Mr. Petry sent a series of communications, and all of which were taken seriously by ASI's office and field personnel, but numbered paragraph 6 of the Complaint mischaracterizes the communication attached as Exhibit 1 to the Complaint and the factual premise in Exhibit 1 to the Complaint was itself fundamentally false. Exhibit 1 does not state that incorrect wire sizes were installed at the Chrisman project. Further, Mr. Petry, working as part of the design team in Billings, Montana, did not have first-hand knowledge of wire sizes being installed by field personnel in Chrisman, Illinois. Nevertheless, Mr. Petry's concerns expressed in Exhibit 1 were given due consideration at the time they were raised and ASI verified that field personnel installed correctly sized wires.

7. Complaint paragraph 7:

*On or about November 3, 2017, Mr. Petry e-mailed several other ASI employees, including Mr. Hamlin, regarding "a big safety concern." Mr. Petry was concerned that ASI had not conducted ground fault testing on one of the Chrisman Project's electrical service lines. Among other things, Mr. Petry wrote, "...none of us want to live knowing someone got hurt or killed due to our hasty decisions. ..." A true and correct copy of that e-mail is attached to this Complaint as Ex. 2.*

**Response:** Denied. ASI admits that the communication attached as Exhibit 2 to the Complaint was sent but numbered paragraph 7 of the Complaint mischaracterizes the communication attached as Exhibit 2 to the Complaint and the factual premise in Exhibit 2 to the Complaint was itself fundamentally flawed. The ground fault testing alarms Mr. Petry suggested in Exhibit 2 were not recommended by the National Electrical Code and Mr. Petry's recommendations were rejected by the manufacturer of the integral equipment. Continuous industrial processes, such as the Chrisman feed mill, are expressly exempted from ground-fault protection in the National Electrical Code. In a continuous industrial process, a ground fault interruption of a single piece of equipment in the chain could cause a cascading and catastrophic reaction through the balance of the system. Because such a nonorderly shutdown would introduce additional or increased hazards, the National Electrical Code does not recommend the approach advocated by Mr. Petry. In addition, the manufacturer of the electrical equipment integral to the process rejected Mr. Petry's proposed testing methodology. The equipment at issue (intended for a continuous industrial process) did not provide an external connection devices to accomplish the testing Mr. Petry was proposing. Contrary to the National Electrical Code and the equipment's manufacturer, Mr. Petry suggested ASI's electricians disassemble the equipment to perform testing. The manufacturer was consulted and rejected the suggested disassembly which would fully void all manufacturer warranties. The foregoing notwithstanding, ASI affirmatively asserts that all required testing was duly performed in accordance with the National Electric Code and ASI denies all contrary allegations and inferences contained in paragraph 7 of the Complaint.

8. Complaint paragraph 8:

*On or about November 9, 2017, Mr. Petry e-mailed ASI Electrical Operations Manager Shane Anderson. Mr. Petry advised in that e-mail that ASI had installed an improper type of insulation at the Chrisman Project. "This insulation is not rated for a wet environment*

*as required," he wrote. A true and correct copy of that e-mail is attached to this Complaint as Ex. 3.*

**Response:** Denied. ASI admits that the communication attached as Exhibit 3 to the Complaint was sent but numbered paragraph 8 of the Complaint mischaracterizes the communication attached as Exhibit 3 to the Complaint and the factual premise in Exhibit 3 to the Complaint was itself factually flawed. ASI asserts that Mr. Petry visited the Chrisman site on one occasion early in the Project and did not observe the installation of underground wire. Nevertheless, ASI affirmatively asserts that it duly investigated the concerns raised by Mr. Petry and positively confirmed both that it properly procured for the Chrisman project wire rated for installation in wet environments (THWN and dual-rated THHN/THWN) and that only properly-rated wires were installed in such wet environments at the Chrisman Project.

9. Complaint paragraph 9:

*On or about February 2, 2018, Mr. Petry e-mailed Mr. Hamlin and several other ASI employees. Mr. Petry wrote in pertinent part that he "raised many safety concerns and voiced my professional opinion regarding the electrical installation at [the Chrisman Project] on many occasions only to have them fall on deaf ears. I have had to watch the basic rules for public safety policy outlined in [the] National Electrical Code be violated." Mr. Petry further explained that, "[s]ince the customer is certainly not qualified to discern the compliance with the basic standard[s] such as the NEC, I have no choice but to report these violations to the Authority Having Jurisdiction [sic] and/or the [S]tate of Illinois." A true and correct copy of that e-mail is attached to this Complaint as Ex. 4.*

**Response:** ASI admits in part and denies in part the allegations contained in paragraph 9 of the Complaint. ASI admits that the communication attached as Exhibit 4 to the Complaint was sent but denies the characterization of Exhibit 4 and denies the accuracy of all allegations therein contained therein. ASI asserts that Mr. Petry visited the Chrisman Project site on only one occasion and neither personally observed the installation of the electrical system nor inspected the completed project. Mr. Petry's incomplete factual knowledge and inaccurate technical assumptions combined to create a series of erroneous conclusions embodied in the completely

5

flawed Exhibit 4. By way of limited example, Mr. Petry asserts that the heat trace ground fault protection was disabled. Had Mr. Petry been on site, Mr. Petry would have readily observed the operable heat trace ground fault protection. The same follows for Mr. Petry's other incorrect conclusions regarding Chrisman Project which was completed, accepted, and has ran continuously for 18 months without electrical interruption. These are facts. The entirety of the communication attached as Exhibit 4, however, is baseless. ASI's forty-six (46) years' experience constructing industrial agriculture facilities—projects accumulating in value to many hundreds of millions of dollars—demonstrates a factual record of quality in design and construction, inspection after inspection, year after year, and customer after customer. ASI's three consecutive years of zero lost time to injury likewise demonstrates the successes of ASI's safety training and inspections and provide no support for Mr. Petry's hollow aspersions. ASI denies all other allegation contained in paragraph 9 of the Complaint.

10. Complaint paragraph 10:

*Approximately 15 minutes later, Mr. Hamlin came to Mr. Petry's office. Mr. Hamlin told Mr. Petry that ASI could not have Mr. Petry reporting safety issues to the authorities, so Mr. Hamlin terminated Mr. Petry's employment with ASI.*

**Response:** Denied. Numbered paragraph 10 of the Complaint is false. In the days and weeks prior to February 2, 2018, Mr. Petry advised ASI's human resources department that he was actively seeking other employment. When Mr. Petry arrived at the office on February 2nd—at 2:15 p.m.—Mr. Hamlin attempted to communicate with Mr. Petry about tardiness and absenteeism. Mr. Petry however cut the conversation short: Mr. Petry stated that he was too distracted working in ASI's office; Mr. Petry stated that he had job offers to go back to work in the oil fields; Mr. Petry then voluntarily resigned his position indicating he no longer wanted to work with or for

ASI; Mr. Petry then shut his laptop computer, handed Mr. Hamlin his office key and left the building.

11. Complaint paragraph 11:

*Notwithstanding this exchange, ASI maintains that Mr. Petry resigned his employment and that ASI did not fire him.*

**Response:** Denied. ASI indeed maintains that Mr. Petry resigned his employment, and that ASI did not fire him, but the allegation as stated is denied because numbered Paragraph 11 of the Complaint incorporates the flawed premise of numbered Paragraph 10 of the Complaint.

12. Complaint paragraph 12:

*The Secretary is informed and believes, and on that basis alleges, that ASI terminated Mr. Petry's employment because of his repeated complaints relating to safety at the Chrisman Project.*

**Response:** Denied. Paragraph 12 contains no well pled allegations and to the extent paragraph 12 requires an answer, ASI denies all allegations contained in paragraph 12 of the Complaint.

13. Complaint paragraph 13:

*Defendant violated section 11(c)(1) of the Act, 29 U.S.C. §660(c)(1), by discharging Mr. Petry, and by refusing to reinstate him unconditionally and by refusing to make restitution to him, because Mr. Petry exercised the rights described above.*

**Response:** Denied. ASI denies all allegations contained in paragraph 13 of the Complaint.

## DEFENSES

A. Plaintiff fails to state a claim upon which relief can be granted.

B. Mr. Petry voluntarily resigned from his employment with ASI.

C. ASI did not terminate the employment of Petry.

D. Engaging in protected activity was not the reason that Mr. Petry is no longer employed by ASI.

E. Mr. Petry has not initiated his complaints against ASI in good faith.

F. Mr. Petry fraudulently reported to the United States Department of Labor that he was terminated from employment by ASI.

G. Subject to an opportunity for discovery, ASI reserves the right to assert Mr. Petry waived rights through failing to properly pursue his remedies.

H. Whereas the Complaint does not describe the claims therein with well pled allegations or sufficient particularity, for ASI to determine what additional defenses may exist in this action, ASI reserves the right to all of its defenses and the right to amend this Answer to assert additional affirmative or regular defenses, and to supplement or change this Answer upon discovering more definitive facts in this matter.

WHEREFORE, Defendant prays the Court dismiss this action and for all other relief the Court believes ASI is justly entitled.

Respectfully submitted,

/s/ A.J. Manion
A.J. Manion – MT No. 51914833
MANION STIGGER, LLP
20 N.W. First Street, Suite 200
Evansville, Indiana 47708
Phone: (812) 425-5200
Facsimile: (812) 425-2464
Email: ajmanion@manionstigger.com

*Counsel for Agri-Systems*

# CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2019, the following was filed electronically with the Clerk of the Court's ECF e-File system:

- **ASI INDUSTRIAL, INC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

and that I served same electronically upon the following recipients:

> Matthew B. Finnigan
> Courtney M. Witten
> Senior Trial Attorney
> U.S. Dept. of Labor, Office of the Solicitor
> 1244 Speer Boulevard, Suite 515
> Denver, CO 80204
> Email: finnigan.mathew@dol.gov
>        witten.courtney@dol.gov
> *Attorneys for Plaintiff*

                                            /s/ A.J. Manion
                                            A.J. Manion – MT No. 51914833